## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) ) | **COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMAND** |
| ABL MANAGEMENT, INC., | ) ) | |
| Defendant | ) | |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Duane Gatson ("Gatson"), who was adversely affected by such practices. As alleged with greater particularity in paragraphs eleven (11) a-j below, the United States Equal Employment Opportunity Commission alleges that Defendant ABL Management, Inc. ("ABL" or "Defendant") violated Title VII by subjecting Gatson to materially adverse actions in unlawful retaliation, for Gatson's Title VII protected conduct during his employment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Panama City Division.

## PARTIES

3.   Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant was a Louisiana corporation continuously conducting business in the State of Florida.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and has continuously had at least fifteen (15) employees.

6.   Defendant is a national full-service food management company that contracts with businesses to provide finished meals, as well as commissary and laundry programs to correctional, commercial, healthcare, and educational facilities.

## ADMINISTRATIVE PROCEDURES

7.   More than thirty days prior to the institution of this lawsuit, Gatson filed a charge with the Commission alleging violations of Title VII by Defendant.

8.   On May 20, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.   On March 28, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.   Since on or about July 18, 2013 through August 20, 2013, Defendant has engaged in unlawful employment practices in Panama City, Florida, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Specifically, Defendant retaliated against Gatson by terminating his employment after he complained of a sexually hostile work environment.

(a)  ABL hired Gatson as a Kitchen Supervisor on or around April 18, 2013.

(b)  Defendant assigned Gatson to manage 16 to 18 inmate workers who prepared breakfast and lunch meals for inmates at the Bay County Jail Facility.

(c)  Gatson, at all times, reported directly to Assistant Kitchen Manager Cherese Council ("Council") who, in turn, was supervised by Kitchen Manager Mike Byess ("Byess").

(d)  On or about July 18, 2013, Byess waited for Gatson to go into a food storage area alone, confronted him in an angry manner and suddenly without warning used his hand to grope Gatson's genitals.

(e)  When Gatson's regular supervisor, Council, returned on or about July 19, 2013, he reported the incident to her and told her that the contact was unwelcome.

(f)  Council took the complaint and after a short period, contacted Bay County Jail Warden, Rick Anglin ("Warden Anglin") and gave him all the information she had about the incident.

(g)  ABL's Director of Operations Michael Craft ("Craft") was briefed about the unwelcome contact by Warden Anglin and began an internal investigation.

(h)  Craft's investigation is reported to have found no evidence of sexual harassment.

(i)  Byess produced four unsigned written reprimands of Gatson thereafter attributed to June and July conduct and this resulted in the discharge of Gatson by Defendant on August 20, 2013.

(j)  The reprimands against Gatson were not supported by the factual histories and appear to be without merit.

12. The effect of the practices complained of in paragraph eleven (11) a-j above has been to deprive Gatson of equal employment opportunities and to otherwise adversely affect his status as an employee because of retaliation.

13. The unlawful employment practices complained of in paragraph eleven (11) a-j above were intentional.

14. The unlawful employment practices complained of in paragraph eleven (11) a-j above were done with malice or with reckless indifference to the federally protected rights of Gatson.

## PRAYER FOR RELIEF

A.  Grant a permanent injunction enjoining Defendant, it's officers, agents, servants, employees, attorneys, and all persons in active concern or participation with them, from engaging in retaliation against employees who engage in protected Title VII activities, including discharging employees in retaliation for Title VII protected conduct.

B.  Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for employees, and that eradicate effects of their past and present unlawful employment practices, including past and present unlawful Title VII retaliation.

C.  Order Defendant to make Gatson whole by providing appropriate back pay with prejudgment interest, in accounts to be determined a trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D.  Order Defendant to make Gatson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs eleven (11) a-j above, including, but not limited to, relocation expenses, job search expenses, and medical expenses in amounts to be determined at trial.

E.  Order Defendant to make Gatson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of  above in paragraphs eleven (11) a-j above, including compensatory damages, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in the amount to be determined at trial.

F.  Order Defendant to pay Gatson punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) a-j above, in an amount to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this June 30, 2016.

5

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, D.C. 20507

C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney
205-212-2131
emanuel.smith@eeoc.gov

MARSHA L. RUCKER (PA Bar # 90041)
Supervisory Trial Attorney
1130 22nd St. South, Suite 2000
Birmingham, AL 35205
205-212-2046
marsha.rucker@eeoc.gov