IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] ] ] |
| Plaintiff, | ] ] ] |
| | ] Civil Action No. 5:16-cv-00187-RH-GRJ ] |
| v. | ] ] ] |
| ABL MANAGEMENT, INC., | ] ] |
| Defendant | ] |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission or Plaintiff") filed the above-captioned lawsuit against ABL Management, Inc. ("Defendant") (collectively, the "Parties") on June 30, 2016, in this Court, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In the Complaint, the Commission alleged that Defendant violated Title VII when it retaliated against Duane Gatson ("Gatson") for opposing what he allegedly believed to be sexual harassment.

Nothing stated in this Consent Decree constitutes, nor shall be implied, interpreted as, or provide evidence of an admission of liability or wrongdoing on the part of Defendant, nor shall it be construed as such.

The Parties do not object to the jurisdiction of this Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. Venue is proper in the U.S. District Court for the Northern District of Florida, (Panama City Division). The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The Title VII rights of the Parties are protected adequately by this Consent Decree.

In the interest of resolving this matter, and to avoid the expense of further litigation, the Parties have agreed that this action should be resolved by entry of this Consent Decree.

It is ORDERED, ADJUDGED AND DECREED:

1. This Consent Decree resolves all claims arising out of the issues between the Parties in this lawsuit including, without limitation, back pay, compensatory and punitive damages, injunctive relief, and costs with interest. This Consent Decree, including Exhibit A, is limited in its scope to matters covered explicitly herein, and comprises and constitutes the entirety of the terms and conditions of the resolution agreement between the Parties.

2. Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Consent Decree becomes effective and for the duration of this Consent Decree, shall comply with Title VII's prohibition against discrimination based on sex and retaliation.

3. Defendant shall not retaliate against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination with the Commission or any state agency that enforces employment-related anti-discrimination laws, or assists, assisted, participates, or participated in the filing of a charge of discrimination with the Commission or any state agency that enforces employment-related anti-discrimination laws; or (iii) assists, assisted, participates or participated in an investigation or proceeding conducted by the Commission or any state agency that enforces employment-related anti-discrimination laws.

4. Defendant shall enforce in its workplace, without limitation, the anti-retaliation provisions of Title VII.

5. This Consent Decree shall become effective at that time it is entered by the Court, and shall be in effect for thirty-six (36) months from the date of its entry by the Court. This Consent Decree and its terms herein shall apply to Defendant's supervisors, managers, and employees at its operations, and at its facilities and

locations (including the facilities of clients where ABL employees work), in the State of Florida.

## MONETARY RELIEF

6. Defendant shall pay the total amount of thirty-five thousand dollars and zero cents ($35,000.00) to Gatson for alleged back pay, compensatory damages and punitive damages.

7. Defendant's payment shall be issued by a corporate-issued check payable to Gatson. The corporate-issued check shall be mailed directly to Gatson, by certified mail, within 21 business days from the date of the entry of this Consent Decree.

8. At the same time that Defendant mails the certified check to Gatson, Defendant shall also mail a copy of the check to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Defendant will issue applicable United States Internal Revenue Service Forms to Gatson for all such payments by the end of calendar year 2017.

9. Gatson's receipt of payment pursuant to this Consent Decree shall not be conditioned on his agreement to (a) maintain as confidential the terms of this Consent Decree, or (b) waive his statutory rights to file a charge of discrimination unrelated to the claims and allegations underlying this Complaint with the Plaintiff

or any state or federal agency that enforces employment-related anti-discrimination laws.

## PERSONNEL MATTERS

10. Within 30 business days of the effective date of this Consent Decree, Defendant shall convert the basis and designation of Gatson's separation of employment from "termination" to "voluntary resignation." The conversion shall be reflected in Defendant's documents, records, and files (electronic or otherwise), including Gatson's personnel files, with the removal/expungement of any documents and information reflecting that Gatson was terminated or discharged. All of Defendant's documents, records, and files (electronic or otherwise), including Gatson's personnel files, shall be changed to reflect that Gatson "voluntarily resigned" his position with Defendant. In the event Defendant is contacted by third-party employers seeking information regarding Gatson's employment with Defendant, Defendant shall state only Gatson's period of employment and his position and rate of pay while employed by Defendant.

11. Defendant shall maintain a confidential file containing Gatson's written allegation, if any, against his alleged harasser, and all documents generated by or associated with the investigation of his allegations, and related to his charge of discrimination filed with the Commission. Nothing related to Gatson's allegation of retaliation shall be maintained in his personnel file or any file referenced or used to

respond to third-party employer inquiries. Defendant shall not disclose the contents of said confidential file, in whole or in part, to any third-party, except when and where required by applicable statute, rule, regulation, or by an authorized local, state or federal agency, or by a court of competent jurisdiction, or for accounting, tax, requisite government agency reporting, insurance and/or reinsurance purposes.

## **POLICIES AND PROCEDURES**

12. Defendant shall develop, implement, and otherwise maintain anti-discrimination and retaliation policies and procedures and disseminate to all of its employees, supervisors, and managers working in the State of Florida within ninety (90) calendar days of the effective date of this Consent Decree. The policies and procedures shall include the following:

A. a statement that Defendant is committed to the following: preventing discrimination based on sex and retaliation in its workplace; conducting prompt, good faith investigations of allegations, reports and complaints of retaliation; taking prompt corrective and remedial action when it determines retaliation to have occurred; and taking steps to ensure that victims of, and witnesses to discrimination based on sex and retaliation, or employees who oppose, or participate in investigations of, discrimination based on sex and retaliation are not subjected to retaliation;

B.  a provision for the training of employees, supervisors, and managers on (i) how to prevent, recognize and address discrimination based on sex and retaliation, (ii) employee, supervisor, and manager rights and obligations under Title VII, and (iii) the extent of confidentiality permitted by law and protection from retaliation that employees will be afforded if they report discrimination based on sex, retaliation, or participate in investigations of discrimination based on sex and retaliation.

C.  a procedure for employees to report actual or perceived discrimination based on sex and retaliation, including how, and to whom, employees, supervisors, and managers may report discrimination based on sex and retaliation;

D.  a procedure for Defendant to conduct lawful, prompt, non-harassing, victim-sensitive, good-faith investigations into known, or reported, retaliation;

E.  assurance that Defendant shall protect the confidentiality of discrimination based on sex and retaliation complainants, victims, and witnesses to the extent reasonably permitted by law, including not disclosing the identities of complainants, victims and witnesses, or their allegations, except on a need-to-know basis, or when and where required by applicable statute, rule, regulation, or by an authorized local, state, or federal agency, or

7

by a court of competent jurisdiction, or for accounting, tax, requisite agency reporting, insurance, and/or reinsurance purposes;

F. a procedure for documenting and recording allegations, complaints and reports of discrimination based on sex and retaliation;

G. a procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to allegations, complaints and reports of discrimination based on sex and retaliation;

H. a procedure for maintaining and retaining all documents, electronic recordings, and other physical evidence and information generated by, involving or relating to the investigation of workplace discrimination based on sex and retaliation;

I. a provision mandating disciplinary action, up to and including termination, against employees, supervisors, and managers who engage in discrimination based on sex and retaliation against employees, supervisors and managers who engage in activity protected by Title VII;

J. a provision in the relevant position description that makes implementation of, and compliance with, ABL's anti-discrimination and retaliation policies and procedures a factor in each manager's and/or supervisor job performance

K.  a provision that provides for disciplinary action, up to and including termination, of supervisors and managers who fail to implement or comply with Title VII and Defendant's retaliation policies and procedures.

13. Defendant shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 120 calendar days following the effective date of this Consent Decree, or thirty (30) calendar days following the first dissemination to employees, whichever date is sooner.

14. Defendant shall provide a copy of the policies and procedures required by the Consent Decree to all new employees in the State of Florida within three (3) days of their hire.

15. ABL shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its worksite locations in Florida as well as on its website.

## APPOINTMENT OF QUALIFIED CONSULTANT

16. Within thirty (30) days of the effective date of this Consent Decree, Defendant shall appoint a qualified consultant or management-level employee who shall assist it in meeting its obligations, particularly policy and procedure development and implementation, investigations, and training, under this Consent

Decree. The appointee shall have substantial training, and be objectively experienced in, the area of EEO compliance, including in conducting Title VII discrimination based on sex and retaliation investigations, and training employees and managers in the area of retaliation. The appointment shall last for the entire period of the Consent Decree.

17. The qualified consultant or management-level employee described in this section shall provide guidance and direction for any investigations required by this Consent Decree.

18. Defendant shall submit the name, address, telephone number, and resume of the qualified consultant or management-level employee described in this section to the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205 within sixty (60) days of the effective date of this Consent Decree.

19. Defendant shall not discipline nor retaliate against the consultant or management-level employee described in this section because he or she engaged in good faith actions to affect this Consent Decree and Defendant's policies and procedures, or comply or ensure compliance with Title VII.

## **CORRECTIVE ACTION**

20. Defendant shall conduct lawful, prompt, non-harassing, victim-sensitive, and good-faith investigations into known or reported incidents/events of discrimination based on sex and retaliation. During each investigation, all identified and potential victims and witnesses must be interviewed, a review of all relevant documents and physical evidence must be conducted, victim and witness statements must be obtained and concurrent notes of all victim and witness interviews must be generated. All documents related to known or reported discrimination based on sex and retaliation, including the report described above, and any other document created, generated, reviewed, or collected during the investigation, shall be maintained in a confidential file during the entire pendency of this Consent Decree.

21. If Defendant finds or concludes that discrimination based on sex and retaliation occurred, or is occurring in its workplace, Defendant shall take immediate corrective action up to, and including but not limited to, imposing discipline on perpetrators of discrimination based on sex and retaliation, and on supervisors, managers, and/or HR employees who fail to address known or reported discrimination based on sex and retaliation, imposing mandatory training, and/or taking personnel actions. Defendant shall notify the victim and/or complainants of the corrective action taken.

22. Defendant shall maintain internally for the entire term of this Consent Decree all information generated or received that relates to any complaints made about discrimination based on sex and retaliation. Defendant shall produce this information if requested by the Commission during the effective period of this Consent Decree.

## **TRAINING**

23. Defendant shall continue to provide training on the requirements of Title VII on the following terms:

(a) Within 120 calendar days of the effective date of this Consent Decree, Defendant shall provide training to all of its employees, supervisors, managers, and Executive Director who work in the State of Florida on employee and management rights and obligations under Title VII, to specifically include Title VII's prohibitions against discrimination based on sex and retaliation, and on Defendant's policies and procedures against discrimination based on sex and retaliation. The training shall be repeated once during each 12-month period following the completion of the first training mandated by this Consent Decree, until the conclusion of this Consent Decree.

(b) The training shall include a description and examples of types of behavior which alone, or combined with other behaviors, could constitute discrimination based on sex and retaliation. The training also shall explain the steps

employees may take to report discrimination based on sex and retaliation and contain assurances of confidentiality, to the extent permitted by law. In the event and to the extent applicable and statutory law regarding discrimination based on sex and retaliation is revised, supplemented and/or amended by Congress during the period said training is to be conducted, Defendant shall, within thirty calendar days following any such changes, modify said training to the extent necessary so as to be consistent and in compliance with current law.

(c) Each training session shall last one hour, and Defendant shall generate a registry containing signatures of all persons in attendance at each training session. Each registry and all training materials shall be retained by Defendant for the duration of the Consent Decree.

(d) Within thirty (30) days following each training session, copies of the registry described in this section shall be sent by certified mail to the EEOC Birmingham District Office, to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205..

(e) During the term of the Consent Decree, Defendant shall provide a 1-hour training session, covering the areas described in Subpart (a) above, to each new employee (including managers, executive directors) who work in the State of Florida, and within thirty (30) calendar days after the employee's hire. However,

all employees shall be required to attend the training described in Subpart (a). Written proof of a new employee's attendance at a training session shall be delivered to the Plaintiff's Regional Attorney at the address set forth above within thirty (30) calendar days after the training.

## POSTING OF NOTICE

22. Within thirty (30) business days after entry of this Consent Decree, Defendant shall post 8½-inch-by-11-inch sized copies of the Notice attached as **Exhibit A** to the Consent Decree on all bulletin boards and any other locations where Defendant regularly posts announcements and notices required by federal and/or state law or notices of employment-related policy or practice changes to employees, except that the Notice shall not contain the header "Exhibit A". Defendant shall send by certified mail a copy of the signed Notice, and a written certification by the Executive Director of the date(s) and location of its posting, to the attention of the Regional Attorney of Plaintiff's Birmingham District Office, at the address set forth above, within ten business (10) days of the posting. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendant shall re-post promptly a legible copy in the same manner as heretofore specified. The posted

Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the Chief Executive Officer of Defendant.

## COSTS AND ATTORNEY FEES

23.     The Defendant shall bear its own attorney's fees and costs incurred in this action.

## DURATION OF THIS CONSENT DECREE

24.     The duration of this Consent Decree shall be thirty-six (36) months from the date of its entry by the Court.  This Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which time the Commission may petition this Court for compliance with this Consent Decree.  Should the Court determine that Defendant has not complied with this Consent Decree, the Court may order appropriate relief, including but not limited to, the extension of this Consent Decree for such a period as the Court deems necessary.  Absent extension by order of the Court, this Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry, without further action by the Parties.

The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

**APPROVED AND CONSENTED TO:**

**ON BEHALF OF PLAINTIFF EEOC:**

_____
MARSHA L. RUCKER
Regional Attorney

_____
GERALD MILLER
Supervisory Trial Attorney

_____
MANEESH VARMA
Senior Trial Attorney

_____
KURT S. FISCHER
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**ON BEHALF OF DEFENDANT ABL Management, Inc.:**

_____
Authorized Representative
ABL Management, Inc.

The copy of this order bearing the parties' signatures is in the electronic case file. *See* ECF No. 24-1.

SO ORDERED on April 9, 2017.

                                    s/Robert L. Hinkle
                                    United States District Judge

## "EXHIBIT A"

## NOTICE TO ALL EMPLOYEES OF ABL MANAGEMENT, INC.

It is unlawful under Title VII of the Civil Rights Act 10 1964, *as amended*, ("Title VII") to discriminate against an employee on the basis of sex. It also unlawful to retaliate against any person because the person engaged in any activity protected by Title VII, including opposing discriminatory conduct, or contacting or having contact with the EEOC.

If you believe you or any other person has been subjected to sex discrimination, during the course of your employment with ABL Management, Inc. you may contact the EEOC for assistance.

Title VII protects you from retaliation by ABL Management, Inc. for (1) opposing discriminatory practices made unlawful by Title VII, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under Title VII, or (3) assisting or participating in an investigation or proceeding brought under Title VII. If you believe you or any other person is being retaliated against in violation of Title VII you may contact the Human Resources Department, any Company manager, or the EEOC for assistance.
   a. EEOC, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205, (205) 212-2000; or
   b. EEOC, 63 South Royal Street, Suite 504, Mobile, AL 36602, (251) 690-3001.

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 – 22nd Street South, Birmingham, Alabama 35205.**

_____     _____
Date                                On Behalf of ABL Management, Inc.

WSACTIVELLP:9036749.1